defendant, and the immediate necessity to protect its property, should have caused the arrest of the plaintiff in mere vindication of justice, and with such marked dispatch, for stealing a five-cent screw driver. In fact, this case is grounded upon the unwisdom of the assistant manager, and these matters were for the jury. It has been held that where there is doubt as to the servant's scope of authority, the trial judge is required to resolve the doubt in favor of the plaintiff and submit the evidence to the jury, upon the ground that the employer had placed the servant in position to do the wrongful act. *Dickerson v. Refining Co., supra.* If the evidence is competent to be submitted to the jury, the right of the jury to draw a reasonable inference from it cannot be questioned.

In some of the cases cited above, the authorities on the subject under discussion have been studiously and copiously collated and adequately discussed. We find no substantial conflict between them and refrain from adding to the burden of citation.

In the trial of this case we find

No error.

---

CHARLIE KATES v. W. S. HARRISON, TRADING AND DOING BUSINESS AS HARRISON AUTO PARTS COMPANY.

(Filed 21 September, 1938.)

**Master and Servant § 11—Evidence held not to show that employee's injury was result of negligent act or omission on part of employer.**

Plaintiff employee was employed to sell used parts from old automobiles. The evidence disclosed that plaintiff and two customers attempted to turn a car over to get some parts, instead of jacking the car up; that the customers turned the car loose when the door on the other side flew open and became an obstruction against turning the car over; that plaintiff could not hold the side of the car up alone, did not have room to get out of the way, and was injured when struck by the car. There was no evidence that plaintiff was ordered to do the work in this way by a superior. *Held:* The evidence fails to show that the alleged injury was proximately caused by any negligent act or omission of duty attributable to defendant employer.

APPEAL by plaintiff from *Johnston, J.,* at July Term, 1938, of BUNCOMBE. Affirmed.

The plaintiff brought action for damages alleged to have been sustained by him through the negligence of the defendant. The complaint contains the allegation that defendant had not brought himself within the provisions of the Workmen's Compensation Act.

The evidence tends to show that the plaintiff was employed by the defendant in the sale of parts from used automobiles on the defendant's premises. The cars were arranged in rows, with a roadway between them. Some of the cars, however, were close together, about four feet apart, and some not more than twelve inches apart.

On the day of the alleged injury two customers wanted a connecting rod out of a '28 Whippet Sedan. While the plaintiff was hunting a "jack" to lift the car body he observed the customers attempting to lift the car up by pulling upon the running board. Thinking that they needed help, plaintiff took hold of the running board with them, and the three of them started to turn the car over so as to get to the "pan" and get out the connecting rod. The door flew open on the other side, struck the ground, and became an obstruction against turning the car over. The other persons lifting the car turned it loose, leaving the entire load upon the plaintiff. Plaintiff says he could not step back out of the way because there was a car too close behind him.

There was evidence relating to the injury alleged to have been caused by the car striking the plaintiff on the side, under the above circumstances. The evidence does not disclose that the plaintiff was at the time ordered to do this work in this way by a superior.

*Ford & Lee for plaintiff, appellant.*
*J. Frazier Glenn, Jr., for defendant, appellee.*

PER CURIAM. The evidence does not show that the alleged injury was the natural and probable consequence of any negligent act or omission of duty attributable to defendant, and the judgment is therefore
Affirmed.

---

AMANDA CHEEK, ADMINISTRATRIX OF THE ESTATE OF J. H. CHEEK, DECEASED, v. SOUTHERN RAILWAY COMPANY AND J. M. STREET.

(Filed 28 September, 1938.)

1. **Judgments § 32a—Where judgment of nonsuit may be based on either one of two grounds, whether it is res adjudicata as to one of them, quære.**

    Where motion for judgment as of nonsuit is based on the insufficiency of plaintiff's evidence both on the issue of negligence and the issues relating to whether the release introduced by defendant was obtained by fraud or through mutual mistake, and the motion is allowed by general judgment which does not specify on which ground it is based, whether the judgment constitutes *res adjudicata* in a subsequent action on the issues